UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AARON RHY BROUSSARD,  Case No. 22-CV-2004 (PJS/DTS)

Petitioner,

v.  ORDER

UNITED STATES OF AMERICA;
SHERIFF JOEL L. BROTT;
COMMANDER BRIAN FRANK;
SHERBURNE COUNTY JAIL; SUSAN
RICHARD NELSON; THOMAS M.
HOLLENHORST; MELINDA A.
WILLIAMS; CHARLES J. KOVATS, JR.;
U.S. DEPARTMENT OF JUSTICE; and
U.S. MARSHALL SERVICE,

Respondents.

Petitioner Aaron Rhy Broussard was found guilty after a jury trial in this District on multiple drug offenses, including several counts of distribution of fentanyl resulting in death. *See United States v. Broussard*, No. 19-CR-0101 (SRN/ECW) (D. Minn.). He is now awaiting sentencing. Meanwhile, though, Broussard has filed *twenty-five* petitions for a writ of habeas corpus challenging the legality of the criminal proceedings.[1]

---

[1] *See Broussard v. United States*, No. 21-CV-2484 (SRN/LIB) (D. Minn. filed Nov. 10, 2021); *Broussard v. United States*, No. 22-CV-0385 (SRN/TNL) (D. Minn. filed Feb. 9, 2022); *Broussard v. United States*, No. 22-CV-0725 (SRN/ECW) (D. Minn. filed Apr. 11, 2022);

1

Every single one of those habeas petitions has been summarily denied, usually without substantive comment. Moreover, in every case in which Broussard has filed a notice of appeal challenging the denial of habeas relief, the judgment of the court has been summarily affirmed by the Eighth Circuit Court of Appeals, also usually without substantive comment.

This matter is now before the Court on Broussard's *twenty-sixth* petition for a prejudgment writ of habeas corpus. *See* ECF No. 1. That petition, like all of the others Broussard has filed, challenges the legality of his criminal prosecution and conviction.

---

*Broussard v. United States*, No. 22-CV-0889 (JRT/LIB) (D. Minn. filed Apr. 11, 2022);
*Broussard v. United States*, No. 22-CV-0890 (PJS/BRT) (D. Minn. filed Apr. 11, 2022);
*Broussard v. United States*, No. 22-CV-0892 (PJS/BRT) (D. Minn. filed Apr. 11, 2022);
*Broussard v. United States*, No. 22-CV-0893 (WMW/ECW) (D. Minn. filed Apr. 11, 2022);
*Broussard v. United States*, No. 22-CV-0983 (PJS/ECW) (D. Minn. filed Apr. 18, 2022);
*Broussard v. United States*, No. 22-CV-0984 (NEB/ECW) (D. Minn. filed Apr. 18, 2022);
*Broussard v. United States*, No. 22-CV-0985 (NEB/LIB) (D. Minn. filed Apr. 18, 2022);
*Broussard v. United States*, No. 22-CV-0986 (PJS/JFD) (D. Minn. filed Apr. 18, 2022);
*Broussard v. United States*, No. 22-CV-1007 (ECT/LIB) (D. Minn. filed Apr. 21, 2022);
*Broussard v. United States*, No. 22-CV-1008 (KMM/DTS) (D. Minn. filed Apr. 21, 2022);
*Broussard v. United States*, No. 22-CV-1038 (JRT/JFD) (D. Minn. filed Apr. 25, 2022);
*Broussard v. United States*, No. 22-CV-1042 (NEB/BRT) (D. Minn. filed Apr. 25, 2022);
*Broussard v. United States*, No. 22-CV-1211 (PJS/JFD) (D. Minn. filed May 5, 2022);
*Broussard v. United States*, No. 22-CV-1212 (PJS/JFD) (D. Minn. filed May 5, 2022);
*Broussard v. United States*, No. 22-CV-1213 (NEB/ECW) (D. Minn. filed May 5, 2022);
*Broussard v. United States*, No. 22-CV-1214 (PAM/TNL) (D. Minn. filed May 5, 2022);
*Broussard v. United States*, No. 22-CV-1236 (PJS/JFD) (D. Minn. filed May 6, 2022);
*Broussard v. United States*, No. 22-CV-1237 (JRT/LIB) (D. Minn. filed May 6, 2022);
*Broussard v. United States*, No. 22-CV-1239 (WMW/LIB) (D. Minn. filed May 6, 2022);
*Broussard v. United States*, No. 22-CV-1241 (ECT/BRT) (D. Minn. filed May 6, 2022);
*Broussard v. United States*, No. 22-CV-1242 (DSD/ECW) (D. Minn. filed May 6, 2022);
*Broussard v. United States*, No. 22-CV-1269 (JRT/TNL) (D. Minn. filed May 9, 2022).

And that petition, like all of the others Broussard has filed, will be summarily denied. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[2]  As judges have explained to Broussard over and over again, a petition for a writ of habeas corpus is not the appropriate procedural vehicle through which to attack the legality of ongoing federal criminal proceedings.  *See, e.g., Broussard v. United States*, No. 21-CV-2484 (SRN/LIB), 2021 WL 5868719, at *1 (D. Minn. Nov. 18, 2021); *Broussard v. United States*, No. 22-CV-0725 (SRN/ECW), 2022 WL 903142, at *1 (D. Minn. Mar. 28, 2022). Rather, Broussard may challenge his ongoing criminal proceedings within the criminal case itself (as he has done by filing numerous motions that are currently pending), and if he is dissatisfied with how his claims are resolved in the criminal proceedings, he may — at the appropriate time — appeal those decisions to the Eighth Circuit.  In the meantime, "[i]t is unnecessary and inappropriate to shop around for a second judge to, in essence, act as an appellate tribunal to review a possible error by the trial judge." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017).  Broussard's latest attempt to circumvent the usual criminal process is frivolous.

Of course, Broussard knows all of this.  For that reason, the Court suspects that Broussard's reason for continuing to flood this Court with frivolous habeas petitions is

---

[2] Broussard's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition.  *See* Rule 1(b).

3

not because he believes that he will win any relief, but because he seeks to inflict as much needless work on the Court as possible in retaliation for his conviction. Whether this suspicion is correct or not, Broussard will not get a *twenty-seventh* bite at the apple. There is no good-faith basis upon which Broussard may continue to seek habeas relief attacking his criminal proceedings until judgment has been entered and his direct appeal of the sentencing judgment has concluded.³ And the Court may take appropriate steps to protect itself from malicious, duplicative, and otherwise bad-faith litigation. *See In re Tyler*, 839 F.2d 1290, 1292-94 (8th Cir. 1988).

Accordingly, the Clerk of Court will be directed to return without filing any document submitted by Broussard that purports to commence a new proceeding challenging the legality of his criminal prosecution, conviction, or eventual sentence. This restriction applies to any habeas petitions attacking Broussard's criminal proceedings, but it also extends to any other document, however labeled, through which Broussard seeks to commence a new action in this District attacking his conviction, his sentence, or the process through which he was convicted and sentenced. (Needless to say, this filing restriction does not extend to anything filed by Broussard in his ongoing criminal case, including any motion under § 2255.) This restriction will end

---

³ Even after the resolution of the direct appeal, it is doubtful that Broussard could challenge the legality of his conviction or sentence through a habeas petition, as 28 U.S.C. § 2255 generally provides to federal prisoners the exclusive remedy for such claims. *See* 28 U.S.C. § 2255(e).

when the Eighth Circuit issues its mandate after disposing of Broussard's direct appeal of his sentencing judgment.

There is no possible legitimate reason for Broussard to initiate a twenty-seventh action attacking his conviction or sentence until he has pursued his direct appeal to its conclusion. Enough is enough.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The petition for a writ of habeas corpus of petitioner Aaron Rhy Broussard [ECF No. 1] is DENIED.

2. Broussard's motion for a temporary injunction [ECF No. 4] is DENIED.

3. Broussard's motion for a temporary restraining order [ECF No. 5] is DENIED.

4. This matter is DISMISSED.

5. The Clerk of Court is DIRECTED that any documents submitted by Broussard seeking to commence a new action attacking the legality of his criminal prosecution, conviction, or sentence must be returned to Broussard without being filed. This restriction will expire when the Eighth Circuit issues its mandate after disposing of Broussard's appeal of his sentencing judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 16, 2022                        s/Patrick J. Schiltz
                                                               Patrick J. Schiltz, Chief Judge
                                                               United States District Court